### STERN v STATE

Ohio Appeals, 4th Dist, Lawrence Co
Decided January 2, 1929

Mr. A. R. Johnson, Ironton, for Stern.
Messrs. Lee D. Andrews and E. E. Corn, Ironton, for State.

MIDDLETON, PJ.

The interpretation of the statute in question has been so definitely made by the Supreme Court in the case of **Richards v. State, 110 OS. 311,** that its scope and effect is no longer a matter of controversy unless a lower court should undertake to overrule the holding of the Supreme Court. The futility of attempting to avoid this opinion and the statute in question, either directly or indirectly, has been fully demonstrated in many reported cases in this state.

It is contended in the instant case that the exhibition in question was solely a musical entertainment. The evidence wholly fails to show that it was exclusively and entirely an entertainment of that kind or that it could fairly be said that it was intended for anything other than an ordinary moving picture show. While it is true that on page 65 of the record one Roy Murphy, the leader of the orchestra at the exhibition in question, first said that he considered it a musical entertainment he later stated:

"Well, as far as I remember, as far as the entertainment was concerned that was strictly a musical act. I cant say for sure, for I don't remember".

On the same page he further stated:

"Well, of course, my music was to fit the picture."

And again:

"My music was arranged to fit the picture." That's all I have anything to do with."

This is the only evidence in the record reflecting on the musical character of the entertainment. On the other hand, the undisputed evidence in the record shows that at the instance of Joseph Stern the following advertisement of an entertainment was made in The Ironton Evening Tribune under date of December 30, 1928:

"Marlow Theater. Continuous show today. Starts 1:30. Children 20c, adults 50c. ***

Corrinne Griffith in 'Outcast' with Edmund Lowe and Louise Fazenda. A First National Picture.

Special stage show. Cygi's entertainers."

What was actually shown under this advertisement as it appealed to an ordinary patron of the show was stated by a witness on page 89 of the record as follows:

"Well, I see her in the picture. I don't remember much about it, but I see her. One time she was thrown out of the building and lit on the sidewalk, and got up and walked down the street, and there was a sort of a love affair mixed up in it, and if I ain't mistaken the man she loved got married to another woman, and the show went on ahead something like that. I don't just remember every picture or everything I see in it.

Referring to the Cygi entertainment this witness said:

"I don't know much about the picture, but the vaudeville they had there it was a neat little vaudeville. It was a farm play. They had farmer boys there, if I ain't mistaken. Down on the farm, was the name of the vaudeville and it was a very neat little play. That's just about as near as I can describe it. They had good music and the orchestra. They had dancing and singing, about what they have with the average vaudeville."

It may be observed that Stern did not

testify in the trial nor was any evidence offered in his behalf except as to some advertisements which were not material.

We find that the evidence describes an ordinary picture show with a vaudeville act included, and that there is no evidence whatever to support the contention that the exhibition was exclusively a musical entertainment.

The trial court followed very closely the case of **Richards v. State, supra,** and charged that a theatrical performance included a dramatic performance. This charge is complained of, but it is strictly in line with the opinion in the Richards case. The special instructions were properly refused. Number three states only an abstract proposition and, as we view the record, had no application to the instant case under the facts in evidence.

We find no error in the record and the judgment must be and is affirmed.

Mauck and Blosser, JJ., concur.